IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-____

LOWELL WITTGOW,
Plaintiffs

v.

CHARLES N. GOUDEAU, an individual, and C.R. England, Inc., a foreign corporation.
Defendants.

---

## NOTICE OF REMOVAL
---

Defendant Charles N. Goudeau by and through his undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Summit County District Court, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I.   INTRODUCTION

1.     Plaintiff Lowell Wittgow ("Plaintiff") initiated this lawsuit on February 21, 2019 against Defendants C.R. England, Inc ("CRE"). and Charles N. Goudeau ("Goudeau") (collectively, "Defendants"), in the Adams County District Court, State of Colorado, captioned *Lowell Wittgow v. Charles N. Goudeau and C.R. England, Inc.*, Civil Action No. 2019CV30294 and is now pending in that Court (the "State Action"). *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2.     Plaintiff alleges that on March 1, 2016 Goudeau collided with his legally parked vehicle tractor-trailer at the Loves Truck Stop at 1191 S. 1st Street, Bennett, Colorado, resulting in bodily injury.   **Exhibit B**, ¶¶ 6 - 35.

3.     Plaintiff's Complaint alleges claims for negligence, negligence per se and respondeat superior – Joint and Vicarious Liability against Defendants. *Id.* at ¶¶ 36–61.

## II.     COMPLIANCE WITH THE RULES

4.     All procedural requirements related to the removal of this action have been satisfied.

5.     CRE was served on March 1, 2019.  *See* **Exhibit D,** Return of Service on CRE.

6.     Goudeau was served on April 27, 2019.  *See* **Exhibit H**, Return of Service on Goudeau**.**

7.     CRE filed its Answer in Adams County District Court on March 21, 2019.  *See* **Exhibit F.**

8.     All Defendants have consented to the removal pursuant to 28 U.S.C. § 1446(b).

9.     This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Goudeau and is timely under 28 U.S.C. §§ 1441, 1446(b) and 1446(b)(2)(C).

10.     A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

11.     Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendants or filed in the State Action are attached as follows:

**Exhibit A**     Civil Case Cover Sheet

**Exhibit B**     Complaint

**Exhibit C**     Summons on Defendants

**Exhibit D**     Return of Service on CRE

Exhibit E       Declaration of Diligence upon Defendant Goudeau

Exhibit F       Answer of CRE

Exhibit G       Notice of Withdrawal

Exhibit H       Return of Service on Goudeau

Exhibit I       Civil Docket Sheet

12.      Pursuant to D.C.Colo.LCivR 81.1, Goudeau states that no hearings or motions are pending, nor has any trial been set in the State Action.

13.      Pursuant to Fed.R.Civ.P. 81(c), Goudeau will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

14.      Goudeau has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.    DIVERSITY JURISDICTION

15.      This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

### A.    THE PARTIES ARE CITIZENS OF DIFFERENT STATES

16.      There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Colorado.  **Exhibit B**, ¶ 1.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

17.     CRE is a foreign corporation organized under the laws of Utah, with a principal place of business at 4701 W. 2100 S, Salt Lake City, Utah 84120.

18.     Goudeau is a citizen of California.  *See* **Exhibit H**.

19.     For purposes of federal diversity jurisdiction, the parties are completely diverse.  28 U.S.C. § 1441(b).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

20.     While not waiving Defendants right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs.  In his Complaint, Plaintiff alleges that he has suffered physical injuries and past and future damages caused by the incident.  **Exhibit B, ¶¶** 30 – 35.[1]

21.     Furthermore, in the Civil Cover Sheet for the Complaint filed in Adams County District Court, Plaintiff states that he seeks a monetary judgment over $100,000.  **Exhibit A**.

22.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

23.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."  *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

---

[1] Defendants deny Plaintiff's allegations regarding his alleged damages and injuries.

24.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  A defendant's notice of removal need includes only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

25.     Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of her Civil Case Cover Sheet.  *See* **Exhibit A**.  Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

26.     In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment over $100,000 . . . against any other single party.  This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."  **Exhibit A**.

27.     The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)."  *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).  The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings."  *Id.*

28.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may property be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

29.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Goudeau, respectfully requests that the action now pending in the Adams County District Court, Case No. 19CV30294, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted on this 28th day of May, 2019.

HALL & EVANS, LLC

*s/ J. Ryan Johnson*
Lance G. Eberhart
J. Ryan Johnson
1001 17th Street, Suite 300
Denver, CO  80202
Phone: (303) 628-3300
Fax: (303) 628-3368
eberhartl@hallevans.com
johnsonr@hallevans.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of May, 2019 a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court using the CM/ECF system which will send notification of such filing to parties and counsel registered through ECF.  In addition, I hereby certify that I have served via electronic mail the foregoing document to the following non-CM/ECF participants:

| | |
|---|---|
| R. Jerome Aquino, #42004<br>Timothy L. Fields, #40037<br>Bethany A. Pribila, #35221<br>Pribila, Aquino & Fields, P.C.<br>628 North Weber St.<br>Colorado Springs, CO 80903<br>(719) 473-1238<br>jaquino@pribila.com<br>tfields@pribila.com<br>bpribila@pribila.com<br>*Attorneys for Plaintiff Lowell Wittgow*<br>*Attorneys for Plaintiff* | (  ) First Class Mail<br>(  ) Hand Delivery<br>(  ) Facsimile<br>(  ) Overnight Delivery<br>(  ) LexisNexis File & Serve<br>(  ) CM/ECF<br>(X) E-Mail |

*s/ Renee Godfrey*
Renee Godfrey, Legal Assistant to
Lance G. Eberhart
J. Ryan Johnson
1001 17th Street, Suite 300
Denver, CO  80202
Phone: (303) 628-3300
Fax: (303) 628-3368
eberhartl@hallevans.com
johnsonr@hallevans.com
*Counsel for Defendants*