| | |
|---|---|
| **ADAMS COUNTY DISTRICT COURT**<br>Court Address: 1100 Judicial Center Drive<br>Brighton, Colorado 80601 | DATE FILED: February 21, 2019 3:56 PM<br>FILING ID: D73F78D78D19F<br>CASE NUMBER: 2019CV30294 |
| **Plaintiff:**<br>LOWELL WITTGOW<br><br>**Defendant(s):**<br>CHARLES N. GOUDEAU AND C.R. ENGLAND, INC. | ▲ COURT USE ONLY ▲ |
| Attorneys For Plaintiff:<br>    PRIBILA, AQUINO & FIELDS, PC<br>    R. Jerome Aquino, #42004<br>    Timothy L. Fields, #40037<br>    Bethany A. Pribila, #35221<br>Address: 628 North Weber Street<br>    Colorado Springs, CO 80903<br>Phone Number: (719) 473-1238<br>Fax Number:     (719) 473-2542<br>Email:   jaquino@pribila.com<br>    tfields@pribila.com<br>    bpribila@pribila.com | Case Number:<br><br>Div.: |
| **COMPLAINT** ||

COMES NOW the Plaintiff, Lowell Wittgow, by and through his attorneys, PRIBILA, AQUINO & FIELDS, PC, and for a Complaint against the Defendants, Charles Goudeau and C.R. England, Inc., states, alleges, and avers as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, Lowell Wittgow, was at all times relevant to this complaint engaged in business within the Town of Bennett, County of Adams, State of Colorado.

2. Defendant, Charles Goudeau, was at all times pertinent hereto engaging in business within the Town of Bennett, County of Adams, State of Colorado.

3. Defendant C.R. England, Inc. ("Defendant England"), is a corporation that is engaged in business in the State of Colorado. Upon information and belief, Defendant, England, was at all times pertinent hereto, doing business in the State of Colorado, with a registered agent for service of process, The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112-1268.

4. Plaintiff Wittgow was injured in the collision that occurred on March 1, 2016, caused by Defendants Goudeau and England in Adams County, State of Colorado.

5. Pursuant to C.R.C.P. 98(c) venue is proper in this court.

## FIRST FACTUAL ALLEGATIONS
*Defendants Goudeau and England*

6. Plaintiff hereby incorporates paragraphs one through five as though fully set forth herein.

7. Plaintiff Wittgow's Freightliner truck ("truck") and 2014 Walker tank trailer ("trailer") were lawfully parked facing north in a parking lot at the Loves Truck Stop located at 1191 S. 1st St, Town of Bennett, County of Adams, State of Colorado.

8. Defendant England is the registered owner of the 2017 Freightliner truck, VIN 3AKJGLDR0HSHD8008, and the trailer VIN #3H3V532C4DT097019 ("2017 Freightliner truck and trailer") driven by Defendant Goudeau on March 1, 2016.

9. Defendant Goudeau was operating the 2017 Freightliner truck and trailer that was registered to and owned by Defendant England, as an agent, apparent agent, servant, employee, or a person engaged in performing Defendand England's business endeavors and/or the joint venture.

10. Defendant Goudeau was operating his vehicle on behalf of Defendant England within the course and scope of his employment at the time of the March 1, 2016 collision with Mr. Wittgow's truck.

11. Defendant Goudeau was traveling west and turned north in the parking lot at the Loves Truck Stop located at 1191 S 1st St, Town of Bennett, County of Adams, State of Colorado.

12. Defendant Goudeau caused the right side of the trailer attached to the truck he was driving to strike Plaintiff's trailer along its left rear, left side, and left corner areas.

13. Defendant Goudeau was not paying attention to the other vehicles in the parking lot.

14. Defendant Goudeau failed to take into consideration the turning radius of his truck and trailer combination.

15. Defendant Goudeau failed to allow enough space between his truck and trailer combination and Plaintiff's trailer when he initiated his turn north.

16. Defendant Goudeau caused his attached trailer to crash into Plaintiff's trailer.

17. Defendant Goudeau failed to keep a proper lookout for other vehicles in the lot such that he caused the collision.

18. As a result of the collision, it was the opinion of the Adams County Sherriff's Department that Defendant Goudeau caused the collision.

19. As a direct and proximate result of the negligent and reckless acts and omissions on the part of Defendant Goudeau, the collision occurred.

20. The road where the collision occurred was dry.

21. At the time of the collision, Plaintiff was parked in a marked truck stall.

22. Plaintiff did not contribute to causing the collision.

23. The collision was caused by Defendant Goudeau.

24. No other vehicle contributed to causing the collision.

25. No weather condition nor road condition contributed to causing the collision.

26. Upon information and belief, as a result of the collision, Defendant England's trailer was also damaged.

27. Upon information and belief, Defendant Goudeau had no medical condition interfering with his ability to drive.

28. Upon information and belief, Defendant Goudeau's vision did not affect his ability to operate his vehicle.

29. As a direct and proximate result of the collision, Plaintiff suffered injuries and was transported from the scene by ambulance.

30. As a direct and proximate result of the collision, Plaintiff Wittgow did sustain multiple injuries, including but not limited to low back-sacrum "on fire" after collision, upper back, left shoulder blade area, neck, stomach bloating (internal bruising from impact), bilateral knees because of back, bilateral leg shooting, numb, burning, down to toes; bilateral arm/hands symptoms, bilateral wrist pain, loss of muscle dexterity, migraine, ear pain and jaw pain and has incurred and will continue to incur pain and suffering and medical expenses, the total amount of which cannot be ascertained at this time due to the continuing nature of his injuries.

31. As a direct and proximate result of the collision, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

32. As a direct and proximate result of the collision, Plaintiff suffered non-economic

damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of consortium, disabilities, mental anguish, physical impairments, and impairment to quality of life.

33. Plaintiff, Lowell Wittgow, as a result of the automobile accident as aforesaid, has incurred medical expenses, has sustained injuries of a continuing and permanent nature, has endured pain and suffering and loss of enjoyment of life.

34. Plaintiff, Lowell Wittgow, as a result of the automobile accident as aforesaid, has been rendered unable to attend to his usual occupation and duties, and will be similarly caused to be unable to attend to them in the future; he has lost income as a result of his injuries and will continue to lose income in the future because of his injuries.

35. As a result of the motor vehicle accident of March 1, 2016, Plaintiff has sustained damage to his tractor and loss of use of his tractor.

WHEREFORE, Plaintiff, Lowell Wittgow, prays for Judgment against the Defendant, Charles Goudeau, in an amount to be determined at trial, plus costs, interest from March 1, 2016, and such other and further relief as the Court deems just and equitable.

## FIRST CLAIM FOR RELIEF
### *Negligence: Defendant Goudeau*

36. Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs.

37. Defendant Goudeau owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle.

38. Defendant Goudeau breached his duty to Plaintiff because he did not exercise reasonable care in the operation of his vehicle at the time of the collision.

39. As a direct and proximate result of the collision, Plaintiff suffered injuries, damages and losses.

40. As a direct and proximate result of Defendant Goudeau's negligent acts and omissions, Plaintiff has incurred past and future medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of consortium, loss of earning capacity, and loss of time.

41. As a direct and proximate result of Defendant Goudeau's failure to exercise reasonable care, Plaintiff has suffered non-economic damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of consortium, disabilities, mental anguish, physical impairments, and impairment to quality of life.

## SECOND CLAIM FOR RELIEF
### *Negligence Per Se: Defendant Goudeau*

42. Plaintiff incorporates herein by reference the allegations set forth in in the above paragraphs.

43. When Defendant Goudeau operated the vehicle he was driving in such a manner as to cause the collisions described above, Defendant Goudeau violated several municipal ordinances and laws of the State of Colorado including, but not limited to, the following:

    a. C.R.S. §42-4-1402(1) (Careless Driving)
    b. C.R.S. §42-4-1402(2)(b) (Careless Driving Causing Bodily Injury)

44. Plaintiff is a member of the class for whose protection the ordinances and statutes referenced above were enacted, and the injuries and damages Plaintiff suffered are the type of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

45. The conduct of Defendant Goudeau in violating said ordinance(s) and/or statute(s) constitutes negligence *per se*.

46. As a direct and proximate result of the negligence *per se* on the part of Defendant Goudeau, Plaintiff suffered damages.

47. As a direct and proximate result of the negligence *per se* on the part of Defendant Goudeau, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of consortium, loss of earning capacity, and loss of time.

48. As a direct and proximate result of Defendant Goudeau' negligence *per se*, Plaintiff suffered non-economic damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of consortium, disabilities, mental anguish, physical impairments, and impairment to quality of life.

## THIRD CLAIM FOR RELIEF
### *Defendant England: Respondeat Superior - Joint and Vicarious Liability*

49. Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs.

50. On the date of the first collision, and at all times otherwise relevant to this Complaint, Defendant England was a corporation engaged in lawful business in the State of Colorado.

51. On March 1, 2016, and at all times material hereto, Defendant England employed

Defendant Goudeau to act as its agent, apparent agent, servant, employee, or a person engaged in performing the corporation's business endeavor and/or the joint venture.

52. Defendant England is the registered owner of the 2017 Freightliner tractor and trailer involved in the collision on March 1, 2016.

53. Upon information and belief, Defendant Goudeau was duly authorized to operate Defendant England's 2017 tractor and trailer on March 1, 2016 in order to carry out his employment related duties on behalf of Defendant England.

54. Defendant England directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servant, joint venturer, or employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Goudeau was acting within the course and scope of his employment with Defendant England, at the time of the collision which is the subject matter of this complaint.

55. Therefore on March 1, 2016, Defendant Goudeau was acting within the course and scope of his authority as an agent or employee of Defendant England.

56. As Defendant England's agent, apparent agent, servant, joint venturer, or employee, Defendant Goudeau was negligent in the operation of the 2017 Freightliner tractor and trailer, causing the collision.

57. As a direct and proximate result of the collision, Plaintiff suffered injuries, damages and losses.

58. As a direct and proximate result of Defendant Goudeau' negligent operation of Defendant England's 2017 Freightliner tractor and trailer, Plaintiff has suffered injuries, damages, and losses as set forth, supra.

59. Plaintiff has incurred past and future medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of consortium, loss of earning capacity, and loss of time.

60. Plaintiff has suffered non-economic damages and will continue to suffer damages including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of consortium, disabilities, mental anguish, physical impairments, and impairment to quality of life.

61. Defendant England in its capacity of principal, master, joint venturer, or employer is vicariously responsible and therefore liable, under respondeat superior, for the negligent acts of Defendant Goudeau.

## CONCLUSION

WHEREFORE, Plaintiff prays for judgment for him and against Defendants Goudeau and England, in an amount to fairly and reasonably compensate Plaintiff for his injuries, damages, and losses including, but not limited to, medical bills, impairments, disabilities, limitations, disfigurements, temporary and permanent physical injury, economic losses and non-economic losses, wage loss, past and future loss of earnings, loss of earning capacity, loss of consortium, expert witness fees, highest rate of statutory interest from the two dates of loss necessitating this cause of action through satisfaction of the verdict or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper.

*Plaintiff hereby elects exclusion from Rule 16.1.*

Respectfully submitted this **21st** day of **February, 2019**.

*/s/ Timothy L. Fields – Original Signature on File*
Timothy L. Fields, #40037
PRIBILA, AQUINO & FIELDS, PC


**ADDRESS OF PLAINTIFF**
1105 Jackpine Street
Stanton, NE 68779